UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

CINTHYA Y. SOZA
and other similarly-situated
individuals,

    Plaintiff(s),

v.

FRITANGA EL CHELE, INC,
JORGE M. NAVAS, and
GUADALUPE M. NAVAS,
Individually,

    Defendants,

_____/

**COLLECTIVE/CLASS ACTION COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff CINTHYA Y. SOZA, and other similarly-situated individuals, by and through the undersigned counsel, and hereby sues Defendants FRITANGA EL CHELE, INC, JORGE M. NAVAS, and GUADALUPE M. NAVAS, individually and alleges:

JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid regular and overtime wages and retaliation under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff CINTHYA Y. SOZA is a resident of Miami-Dade County within the jurisdiction of this Court. Plaintiff is a covered employee for purposes of the Act.

3. Corporate Defendant FRITANGA EL CHELE, INC (hereinafter FRITANGA EL CHELE, or Defendant) is a Florida corporation having a place of business in Miami Dade County, Florida. At all times, Defendant was engaged in interstate commerce.

4. The individual Defendants JORGE M. NAVAS, and GUADALUPE M. NAVAS, are the owners/partners/ and directed operations of FRITANGA EL CHELE. These individual Defendants are the employers of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d).

5. All the actions raised in this Complaint took place in Dade County, Florida, within this Court's jurisdiction.

## GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff CINTHYA Y. SOZA to recover from Defendants regular unpaid wages, overtime compensation, retaliatory damages, liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT").

7. Defendants FRITANGA EL CHELE is a Nicaraguan restaurant. Defendant also sells beverages, bakery products, medicines, and miscellaneous items targeting the Central American community.

8. Corporate Defendant FRITANGA EL CHELE is located at 4617 NW 199 ST, Miami Gardens 33055, where Plaintiff worked.

9. Defendant FRITANGA EL CHELE was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). Defendant is a retail business operating as a Nicaraguan restaurant. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce

by regularly and recurrently using the instrumentalities of interstate commerce. Defendant uses the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions. Upon information and belief, the combined annual gross revenue of the Employer/Defendant was at all times in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

10. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated, through their daily activities, participated in interstate commerce by regularly handling and working on goods and materials produced for commerce and moved across State lines at any time during the business. In addition, Plaintiff handled credit card transactions. Therefore, there is FLSA individual coverage.

11. Defendants FRITANGA EL CHELE, JORGE M. NAVAS, and GUADALUPE M. NAVAS employed Plaintiff CINTHYA Y. SOZA as a non-exempted full-time hourly employee from approximately January 24, 2023, to February 07, 2023, or 5 weeks.

12. Plaintiff was hired as a Kitchen helper and cleaning person. Plaintiff had multiple additional duties performing general restaurant work.

13. During her employment with Defendants, Plaintiff worked as follows:

14. Plaintiff worked her first two weeks seven days per week. Plaintiff worked From Monday to Saturday from 7:00 AM to 4:30 PM (9.5 hours daily). On Sundays, Plaintiff worked from 7:00 AM to 5:30 PM (10.5 hours). Plaintiff worked a total of 67.5 hours, and she was paid $280.00 per week. This amount divided by the number of hours

worked resulted in a regular rate of $4.15, which is below the minimum wage rate required by law.

15. For the following three weeks, Plaintiff worked six days per week on the same schedule with one day off during the week. Plaintiff was paid $420.00 weekly. This amount, divided by the number of hours worked, resulted in a regular rate of $7.24, which is below the minimum wage rate required by law.

16. Plaintiff did not take bonafide lunchtime hours.

17. Plaintiff disagreed with the amount paid to her, and on or about September 7, 2023, Plaintiff complained to the owner of the business Jorge M. Navas. Plaintiff demanded to be paid for overtime hours and at least minimum wages.

18. In response to Plaintiff's complaints, the business owner got angry and committed assault and battery on Plaintiff. Jorge M. Navas insulted Plaintiff, made threats of bodily harm against her, proffered immigration-related threads against Plaintiff, and pushed her shoulders. Plaintiff left the workplace in fear of her physical integrity.

19. Later manager Vanesa (LNU), Jorge M. Navas's wife, fired Plaintiff.

20. During her employment with Defendants, Plaintiff worked more than 40 hours, but she was not paid the minimum wage rate and overtime hours as required by law:

21. Plaintiff did not clock in and out, but Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals. Defendants had control over Plaintiff's schedule and activities and knew the number of hours worked by her.

22. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of 29 USC §206 states (a) of the Fair Labor Standards Act. Defendants also failed to pay Plaintiff overtime wages at the rate of time and a half her regular rate for every hour

that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

23. Plaintiff was paid weekly with cash without any paystub or record showing basic information about the number of days and hours worked, wage rate paid, employee taxes deducted, etc.

24. At times mentioned, individual Defendants JORGE M. NAVAS and GUADALUPE M. NAVAS were the owners/partners and managers of FRITANGA EL CHELE. The individual Defendants JORGE M. NAVAS and GUADALUPE M. NAVAS, were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. In that, these individual Defendants acted directly in the interests of the Corporation in relation to its employees, including Plaintiff and others similarly situated. Defendants JORGE M. NAVAS and GUADALUPE M. NAVAS had financial and operational control of the business, determining the terms and working conditions of Plaintiff and other similarly situated employees, and they are jointly and severally liable for Plaintiff's damages.

25. Plaintiff is not in possession of time and payment records, but she will provide a good faith estimate of unpaid wages based on her recollections. Plaintiff will amend her Complaint accordingly when Defendants produce time and payment records.

26. Plaintiff CINTHYA Y. SOZA intends to recover regular unpaid regular wages and overtime wages for every hour in excess of 40 in a week, liquidated damages, retaliatory damages, and any other relief as allowable by law.

27. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll

practices and procedures of Defendants and were not paid minimum wages and overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

28. Plaintiff CINTHYA Y. SOZA re-adopts every factual allegation as stated in paragraphs 1-27 above as if set out in full herein.

29. This cause of action is brought by Plaintiff CINTHYA Y. SOZA as a collective action to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after January 2023, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

30. Defendants FRITANGA EL CHELE, JORGE M. NAVAS, and GUADALUPE M. NAVAS employed Plaintiff CINTHYA Y. SOZA as a non-exempted full-time hourly employee from approximately January 24, 2023, to February 07, 2023, or 5 weeks.

31. Plaintiff was hired as a Kitchen helper and cleaning person. Plaintiff had multiple additional duties doing general restaurant work.

32. During her employment with Defendants, Plaintiff worked as follows:

33. Plaintiff worked her first two weeks seven days per week, a total of 67.5 hours, and she was paid $280.00 per week. This amount divided by the number of hours worked resulted in an hourly rate of 4.15 an hour.

34. For the following three weeks, Plaintiff worked six days per week on the same schedule with one day off during the week. Plaintiff was paid $420.00 weekly. This amount divided by the number of hours worked resulted in an hourly rate of 7.24 an hour.

35. Plaintiff did not take bonafide lunchtime hours.

36. Plaintiff disagreed with the amount paid to her, and on or about September 7, 2023, Plaintiff complained to the owner of the business Jorge M. Navas. Plaintiff demanded to be paid for overtime hours and at least minimum wages, and she was fired.

37. During her employment with Defendants, Plaintiff worked more than 40 hours, but she was not paid the minimum wage rate and overtime hours as required by law:

38. Plaintiff did not clock in and out, but Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals. Defendants had control over Plaintiff's schedule and activities and knew the number of hours worked by her.

39. Therefore, Defendants willfully failed to pay Plaintiff overtime wages at the rate of time and a half her regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

40. Plaintiff was paid weekly with cash without any paystub or record showing basic information about the number of days and hours worked, wage rate paid, employee taxes deducted, etc.

41. The records, if any, concerning the number of hours actually worked by Plaintiff and those similarly situated and the compensation actually paid to such employees should

be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

42. Defendants never posted any notice to inform employees of their federal rights to overtime and minimum wage payments as required by the Fair Labor Standards Act and Federal Law. Defendants violated the Posting requirements of 29 USC § 516.4.

43. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

* Please note that this amount is based on preliminary calculations and that these figures are subjected to modifications as discovery could dictate. Plaintiff will adjust her calculations as needed.

*Florida's minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

a. <u>Total amount of alleged unpaid O/T wages</u>:

One Thousand Seven Hundred Ninety-Eight Dollars and 50/100 ($1,798.50)

b. <u>Calculation of such wages</u>:

Total weeks of employment: 5 weeks
Total relevant weeks of employment: 5 weeks

1.- Overtime for two weeks with 67.5hours

Total relevant weeks: 2 weeks
Total number of hours worked: 67.5 hours
Total number of unpaid overtime hours: 27.5
Paid: $280.00 weekly: 67.5 hours=$4.15
Regular rate: $4.15 an hour
Florida minimum wage rate 2023: $11.00
Overtime rate: $16.50

O/T rate $16.50 x 27.5 O/T hours=$453.75 x 2 weeks=$907.50

      2.- Overtime for three weeks with 58 hours

      Total relevant weeks: 3 weeks
      Total number of hours worked: 58 hours
      Total number of unpaid overtime hours: 18 hours
      Paid: $420.00 weekly: 58 hours=$7.24
      Regular rate:  $7.24 an hour
      Florida minimum wage rate 2023: $11.00
      Overtime rate:  $16.50

      O/T rate $16.50 x 18 O/T hours=$297.00 x 3 weeks=$891.00

      Total #1 and #2: $

  c. <u>Nature of wages (e.g., overtime or straight time):</u>

      This amount represents unpaid overtime wages.[1]

44. At all times material hereto, the Employers/Defendants failed to comply with Title 29 USC §207 (a) (1). In that, Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act. Still, no provision was made by the Defendants to properly pay her at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

45. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates her damages and reserves the right to amend the calculations.

46. Defendants FRITANGA EL CHELE, JORGE M. NAVAS, and GUADALUPE M. NAVAS willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half her regular rate, as required by the law of the United States and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

47. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorney's fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff CINTHYA Y. SOZA and those similarly-situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff CINTHYA Y. SOZA and other similarly situated individuals and against the Defendants FRITANGA EL CHELE, JORGE M. NAVAS, and GUADALUPE M. NAVAS, based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff CINTHYA Y. SOZA actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff CINTHYA Y. SOZA demands trial by jury of all issues triable as of right by jury.

## COUNT II:
## FLSA WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS

48. Plaintiff CINTHYA Y. SOZA re-adopts every factual allegation as stated in paragraphs 1-27 of this Complaint as if set out in full herein.

49. This action is brought by Plaintiff CINTHYA Y. SOZA and those similarly situated to recover from the Employer FRITANGA EL CHELE unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 USC § 201 et seq., and specifically under the provisions of 29 USC §206.

50. Defendant FRITANGA EL CHELE was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A).

51. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

52. 29 USC §206 states (a), "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

    (1) except as otherwise provided in this section, not less than—

    (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

    (B) $6.55 an hour, beginning 12 months after that 60th day; and

    (C) $7.25 an hour, beginning 24 months after that 60th day

53. Defendants FRITANGA EL CHELE, JORGE M. NAVAS, and GUADALUPE M. NAVAS employed Plaintiff CINTHYA Y. SOZA as a non-exempted full-time hourly employee from approximately January 24, 2023, to February 07, 2023, or 5 weeks.

54. Plaintiff was hired as a Kitchen helper and cleaning person. Plaitiff had multiple additional duties doing general restaurant work.

55. During her employment with Defendants, Plaintiff worked as follows:

56. Plaintiff worked her first two weeks seven days per week, a total of 67.5 hours, and she was paid $280.00 per week. This amount, divided by the number of hours worked, resulted in a regular rate of $4.15, which is below the minimum wage rate required by law.

57. For the following three weeks, Plaintiff worked six days per week on the same schedule with one day off during the week. Plaintiff was paid $420.00 weekly. This amount, divided by the number of hours worked, resulted in a regular rate of $7.24, which is below the minimum wage rate required by law.

58. Plaintiff did not take bonafide lunchtime hours.

59. There was a substantial number of working hours that were not paid to Plaintiff at a rate lower than the minimum wage rate as required by law.

60. Plaintiff did not clock in and out, but Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals. Defendants had control over Plaintiff's schedule and activities and knew the number of hours worked by her.

61. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of 29 USC §206 states (a) of the Fair Labor Standards Act.

62. Plaintiff was paid weekly with cash without any paystub or record showing basic information about the number of days and hours worked, wage rate paid, employee taxes deducted, etc.

63. Plaintiff disagreed with the amount paid to her, and on or about September 7, 2023, Plaintiff complained to the owner of the business Jorge M. Navas. Plaintiff demanded to be paid at least the minimum wage, and she was fired.

64. The records, if any, concerning the number of hours worked by Plaintiff CINTHYA Y. SOZA and all other similarly-situated employees and the compensation paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

65. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

66. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 USC § 516.4.

67. At the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid wages is as follows:

* Please note that this amount is based on preliminary calculations and that these figures are subjected to modifications as discovery could dictate. Plaintiff will adjust her calculations as needed.
  *Florida's minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

   a. <u>Total amount of alleged unpaid wages</u>:

   Nine Hundred Ninety-Nine Dollars and 20/100 ($999.20)

   b. <u>Calculation of such wages</u>:

    Total weeks of employment:  5 weeks
    Total relevant weeks of employment: 5 weeks

    1.- Minimum wage difference for two weeks paid at $4.15 an hour

    Total relevant weeks: 2 weeks
    Total number of hours worked: 40 hours
    Regular rate:  $4.15 an hour
    Florida minimum wage rate 2023: $11.00-4.15=$6.85 difference
    Minimum wage difference: $6.85 an hour

    $6.85 x 40 hours=$274.00  x 2 weeks=$548.00

    2.- Minimum wage difference for three weeks paid at $7.24 an hour

    Total relevant weeks: 3 weeks
    Total number of hours worked: 40 hours
    Regular rate:  $7.24 an hour
    Florida minimum wage rate 2023: $11.00-$7.24 rate paid=$3.76 difference
    Minimum wage difference: $3.76 an hour

    $3.76 x 40 hours=$150.40 x 3 weeks=$451.20

    Total #1 and #2: $999.20

c. Nature of wages (e.g., overtime or straight time):

    This amount represents unpaid minimum wages at The Florida minimum wage rate[2]

68. Defendants FRITANGA EL CHELE, JORGE M. NAVAS, and GUADALUPE M. NAVAS unlawfully failed to pay Plaintiff minimum wages.

69. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these minimum wages since

---

[2] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates her damages and reserves the right to amend the calculations.

the commencement of Plaintiff and those similarly situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

70. Defendants FRITANGA EL CHELE, JORGE M. NAVAS, and GUADALUPE M. NAVAS willfully and intentionally refused to pay Plaintiff minimum wages at the rate of time and one-half her regular rate, as required by the law of the United States and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorney's fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff CINTHYA Y. SOZA and those similarly-situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff CINTHYA Y. SOZA and against the Defendants FRITANGA EL CHELE, JORGE M. NAVAS, and GUADALUPE M. NAVAS based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff CINTHYA Y. SOZA and those similarly situated demand trial by jury of all issues triable as a right by jury.

### COUNT III:
### FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATORY DISCHARGE; AGAINST ALL DEFENDANTS

71. Plaintiff CINTHYA Y. SOZA re-adopts every factual allegation as stated in paragraphs 1-27 of this Complaint as if set out in full herein.

72. Defendant FRITANGA EL CHELE was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A).

73. By reason of the foregoing, Defendants' business activities involve those to which the Fair Labor Standards Act applies.

74. 29 USC § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

75. 29 USC § 206 (a) (1) states, "….an employer must pay a minimum wage of $5.15/hr. to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

76. Likewise, 29 USC 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

77. Defendants FRITANGA EL CHELE, JORGE M. NAVAS, and GUADALUPE M. NAVAS employed Plaintiff CINTHYA Y. SOZA as a non-exempted full-time hourly employee from approximately January 24, 2023, to February 07, 2023, or 5 weeks.

78. Plaintiff was hired as a Kitchen helper and cleaning person.

79. During her employment with Defendants, Plaintiff worked as follows:

80. Plaintiff worked her first two weeks seven days per week, a total of 67.5 hours, and she was paid $280.00 per week. This amount divided by the number of hours worked resulted in a regular rate of $4.15, which is below the minimum wage rate required by law.

81. For the following three weeks, Plaintiff worked six days per week on the same schedule with one day off during the week. Plaintiff was paid $420.00 weekly. This amount, divided by the number of hours worked, resulted in a regular rate of $7.24, which is below the minimum wage rate required by law.

82. During her employment with Defendants, Plaintiff worked more than 40 hours, but she was not paid the minimum wage rate and overtime hours as required by law:

83. Plaintiff did not clock in and out, but Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals. Defendants had control over Plaintiff's schedule and activities and knew the number of hours worked by her.

84. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of 29 USC §206 states (a) of the Fair Labor Standards Act. Defendants also failed to pay Plaintiff overtime wages at the rate of time and a half her regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

85. Plaintiff was paid weekly with cash without any paystub or record showing basic information about the number of days and hours worked, wage rate paid, employee taxes deducted, etc.

86. Plaintiff disagreed with the amount paid to her.

87. On or about September 7, 2023, Plaintiff complained to the business owner Jorge M. Navas. Plaintiff demanded to be paid for overtime hours and at least minimum wages.

88. This complaint constituted protected activity under the Fair Labor Standards Act.

89. However, in response to Plaintiff's complaints, the business owner got angry and committed assault and battery on her. Jorge M. Navas insulted Plaintiff, made threats of bodily harm against her, proffered immigration-related threads against Plaintiff, and pushed her shoulders. Plaintiff left the workplace in fear of her physical integrity.

90. Later manager Vanesa (LNU), Jorge M. Navas's wife, fired Plaintiff.

91. At all times during her employment with Defendants, Plaintiff performed her duties satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendants.

92. There is close proximity between Plaintiff's protected activity and her termination.

93. Defendants FRITANGA EL CHELE, JORGE M. NAVAS, and GUADALUPE M. NAVAS willfully and intentionally refused to pay Plaintiff regular and overtime wages as required by the laws of the United States and then retaliated against Plaintiff by firing her.

94. The motivating factor which caused Plaintiff's discharge, as described above, was the complaint seeking overtime wages from the Defendants. In other words, Plaintiff would not have been discharged but for her complaints about overtime wages.

95. The Defendants' termination of Plaintiff was in direct violation of 29 USC 215 (a) (3), and as a direct result, Plaintiff has been damaged.

96. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorney's fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff CINTHYA Y. SOZA respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants FRITANGA EL CHELE, JORGE M. NAVAS, and GUADALUPE M. NAVAS recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 USC § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff CINTHYA Y. SOZA further prays for such additional relief as the interests of justice may require.

## JURY DEMAND

Plaintiff CINTHYA Y. SOZA demands trial by jury of all issues triable as of right by jury.

Date: February 27, 2023.

Respectfully submitted,

By: /s/ **Zandro E. Palma**
ZANDRO E. PALMA, PA.
Florida Bar No.: 0024031

        9100 S. Dadeland Blvd.
        Suite 1500
        Miami, FL 33156
        Telephone: (305) 446-1500
        Facsimile:  (305) 446-1502
        zep@thepalmalawgroup.com
        *Attorney for Plaintiff*